IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE X, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-499-LPS |
| JOHN CHARLES CARNEY, JR., et al., | : |
| Defendants. | : |

George X, Delaware City, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 7, 2021
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I.     INTRODUCTION

Plaintiff George X ("Plaintiff"), who appears *pro se* and has been granted leave to proceed *in forma pauperis*, commenced this action on April 6, 2021, pursuant to 42 U.S.C. § 1983. (D.I. 2, 5) He filed an Amended Complaint on April 14, 2021, and it is the operative pleading. (D.I. 6) The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II.    BACKGROUND

Plaintiff, a releasee on parole, indicates that he is currently serving a fixed sentence of 49 years imposed by the Delaware Superior Court that began running on August 18, 1975 and ends on or about August 18, 2024. (D.I. 6 at 3, 5) Plaintiff received a "conditional release" from incarceration to the community by reason of diminution of the period of confinement through merit and good behavior credits. *See* 11 Del. C. § 4302(4). Plaintiff alleges that he is a prisoner of Defendant Delaware Department of Correction ("DOC"), and he purports to pursue this action on behalf of all persons similarly situated, including prisoners, correctional officers, first-line correctional supervisors, and staff who are imprisoned, detained, or employed at James T. Vaughn Correctional Center ("JTVCC"). (*Id.* at 1) Plaintiff alleges violations of the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Section 11 of the State of Delaware Constitution. (*Id.* at 4) Named defendants include Delaware Governor John Carney ("Carney"), DOC Commissioner Claire M. DeMatteis ("DeMatteis"), Shane Troxler ("Troxler"), the

DOC, and the State of Delaware.[1] (D.I. 6 at 1) Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. (*Id.* at 22-24)[2]

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

---

[1] The original complaint also named Dan Tjaden ("Tjaden"). (D.I. 2) He is not a named defendant in the Amended Complaint, and, therefore, is dismissed as a defendant.

[2] Plaintiff alleges he has been denied the right to practice his religion and further alleges Defendants are not following guidance but are posing a serious public health threat in the managing of COVID-19 in DOC prisons. (D.I. 6 at 18-21) As pled, the Court cannot discern if Plaintiff was incarcerated or a releasee during the time-frames referenced in both claims.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume

3

their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The Amended Complaint is deficiently pled for several reasons. First, as a non-attorney, Plaintiff may not bring claims on behalf of other individuals; he may only represent himself in this Court. *See* 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical College of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children).

Second, it appears that many of the claims are time-barred. For example, Plaintiff refers to dates beginning in 2002 with regard to collective bargaining for correctional officers (D.I. 6 at 9) and its current contract that began on July 1, 2015 (*id.* at 1); to the August 2017 "Final Report" Independent Review Security Issues" at JTVCC (*id.* at 4); and to allegations concerning the Carney administration that began in 2017 (*id.* at 15-18). For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).

Third, the DOC and the State of Delaware have immunity from suit under the Eleventh Amendment. Claims for monetary damages raised against Defendants in their official capacities are also barred by the Eleventh Amendment. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44,

4

54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted).

Fourth, there are no allegations that Plaintiff was actually harmed, only that there is a possibility he could be harmed.

Fifth, Plaintiff alleges that Defendants are disregarding DOC regulations. However, disregarding regulations does not state a claim under § 1983. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *See Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005). "[Section] 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Federal and state regulations such as DOC policies do not give rise to a liberty interest. *See Rambert v. Bear*d, 2012 WL 760619, at *13 (M.D. Pa. Mar. 7, 2012) ("Federal and state regulations in and of themselves do not create a liberty interest.").

Because the claims in the Amended Complaint do not meet the pleading requirements of *Iqbal* and *Twombly*, the Amended Complaint will be dismissed. Since it is possible that Plaintiff may be able to cure the pleading defects, he will be given leave to file a second amended complaint.

Plaintiff's motion for expedite processing and declaratory judgment will be denied. (D.I. 5)

5

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as premature the motion seeking issuance of service of process (D.I. 8); and (2) dismiss the Amended Complaint as frivolous and for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). Plaintiff will be given leave to file a second amended complaint.

An appropriate Order will be entered.