IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GEORGE X,                          )
                                   )
           Plaintiff,              )
                                   )
      v.                           )   C.A. No. 21-499 (VAC)
                                   )
CLAIRE DEMATTEIS,                  )
                                   )
           Defendants.             )

### MEMORANDUM OPINION

George X, Delaware City, Delaware.  Pro Se Plaintiff.

June 9, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff George X ("Plaintiff"), who appears *pro se* and has been granted leave to proceed *in forma pauperis* commenced this action on April 6, 2021 pursuant to 42 U.S.C. § 1983. (D.I. 2, 5). He filed a Second Amended Complaint on January 10, 2022. (D.I. 13). This Court proceeds to review and screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

**I.      BACKGROUND**

Plaintiff's amended complaint was dismissed on December 7, 2021 and Plaintiff was given leave to amend. (D.I. 12). The Second Amended Complaint names as defendants John Charles Carney, Jr. ("Carney"), Claire DeMatteis ("DeMatteis"), Delaware Department of Correction ("DOC"), and Shane Troxler ("Troxler"). (D.I. 13).[1] Carney and DeMatteis are sued in their official capacities and Troxler is sued in his individual and official capacity. (*Id.*).

Plaintiff, a releasee currently on parole, indicates that he is currently serving a fixed sentence of 49 years imposed by the Delaware Superior Court that began running on August 18, 1975 and ends on or about August 18, 2024. (D.I. 6 at 3, 5). Plaintiff received various criminal sentences by the Superior Court in the State of Delaware beginning in 1972 through 1983. (D.I. 13 at 5). Plaintiff received a "conditional release" from incarceration to the community by reason of diminution of the period of confinement through merit and good behavior credits. *See* 11 Del. C. § 4302(4). Plaintiff alleges that he is a prisoner of the DOC, and he filed this action on behalf of all persons similarly situated, including prisoners, correctional officers, first-line correctional supervisors, and staff who are imprisoned, detained, or employed at James T. Vaughn Correctional Center ("JTVCC"). (D.I. 13 at 1, 3). Plaintiff alleges violations of the First, Fourth, Eighth, and

---

[1]      The Second Amended Complaint does not name the State of Delaware as a defendant and, it is dismissed.

1

Fourteenth Amendments to the United States Constitution and Article I, Section 11 of the State of Delaware Constitution.  (*Id*. at 2).

Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.  (*Id*. at 22-24)

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  This Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Second Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions.

2

*See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court, however, must grant a plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the

3

court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

Plaintiff did not cure the pleading defects upon amendment. As a non-attorney, Plaintiff may not bring claims on behalf of other individuals, does have standing to do so, and may only represent himself in this Court. 28 U.S.C. § 1654*; see e.g.*, *Osei-Afriye v. The Medical College of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children).

In addition, many, if not all, of the claims are time-barred. For example, Plaintiff refers to criminal sentences beginning in 1972 through 1982; a bill signed into law on July 10, 1975, letters written in 2019, and reports written in February and August 2017. Plaintiff alleges that the matter is not time-barred because he did not suffer injuries or damages until February 2021 and the action was filed on April 4, 2021. (D.I. 13 at 6). The Second Amended Complaint does not, however, explain what the injuries are or how any defendant cause the alleged injuries. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).

Also, the DOC has immunity from suit under the Eleventh Amendment. In addition, claims for monetary damages raised against Defendants in their official capacities are barred by the

4

Eleventh Amendment. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Flori*da, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). And, a "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted).

Plaintiff alleges that Defendants disregard DOC manuals and regulations. Disregarding either of those, however, does not state a claim under § 1983. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005). "[Section] 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Federal and state regulations such as DOC policies do not give rise to a liberty interest. *See Rambert v. Bea*rd, 2012 WL 760619, at *13 (M.D. Pa. Mar. 7, 2012) (compiling cases and holding that "[f]ederal and state regulations in and of themselves do not create a liberty interest" in the disputed DOC procedure at issue). Moreover, to the extent Plaintiff alleges constitutional violations he does so in a conclusory manner and does not meet the pleading standards of *Iqbal* and *Twombly*.

Finally, Plaintiff alleges that he has been denied the right to practice his religion and that Defendants are not following guidance and are posing a serious public health threat in the

5

managing of COVID-19 in DOC prisons.  (D.I. 13 at 14).  As pled, the Court cannot discern if Plaintiff was incarcerated or a releasee during the time-frames referenced in both claims.

Because the claims in the Second Amended Complaint do not meet the pleading requirements of *Iqbal* and *Twombly*, the Second Amended Complaint will be dismissed.  Plaintiff was given leave to cure his pleading defects, to no avail.  Thus, the Court finds further amendment futile.

### IV.     CONCLUSION

For the above reasons, the Court will dismiss the Second Amended Complaint as frivolous and for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).  Amendment is futile.

An appropriate Order will be entered.